PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DENNIS J. FREUDEMAN, INDIVIDUALLY AND AS EXECUTOR FOR THE ESTATE OF DOROTHY V. FREUDEMAN, DECEASED, | CASE NO.   5:09CV175 |
| Plaintiff, | MAGISTRATE JUDGE PEARSON |
| v. | |
| THE LANDING OF CANTON, et al., | |
| Defendants. | **MEMORANDUM OPINION AND ORDER (Resolving ECF No. 60)** |

This is a diversity action filed by Plaintiff, Dennis J. Freudeman, Individually and as Executor of the estate of the deceased Dorothy V. Freudeman, against Defendants Emeritus Corporation, Wegman Companies, Inc. and Wegman Family (Canton) LLC VI, alleged owners and operators of The Landing of Canton assisted living facility, claiming negligence, malpractice, and wrongful death, among other offenses regarding the death of Dorothy Freudeman.

Defendants have moved for a Protective Order, pursuant to Fed. R. Civ. P. 26(c), to prohibit Plaintiff from taking the deposition of a representative of Wegman Companies, Inc. and Wegman Family (Canton) LLC, VI (collectively the "Wegman entities"), parties to the litigation, because Defendants believe the Wegman entities should be dismissed, a goal Defendants have worked towards without success.  ECF No. 60.  Defendants have conferred with Plaintiff in an

(5:09CV175)

effort to resolve the dispute without Court action and requested that the Plaintiff dismiss the Wegman entities based upon testimonial and documentary evidence provided to Plaintiff's counsel.[1] ECF No. 60 at 2. Plaintiff has refused to dismiss the Wegman entities due to evidence that Wegman Companies, Inc. is the owner of The Landing of Canton. ECF No. 60 at 2.

### Defendants' Grounds for Protective Order

Defendants argue that the deposition of a representative of the Wegman entities should not be taken because Plaintiff has been provided documentary and testimonial evidence that the Wegman Companies had no role in the day-to-day operations of the facility where the decedent lived. Specifically, Defendants have offered that during Plaintiff's deposition of Eric Mendelsohn, Senior Vice President of Corporate Development for Emeritus Corporation, Mendelsohn testified that:

1. Emeritus Corporation manages The Landing of Canton;

2. The Wegman Family (Canton) LLC, VI owns the Landing of Canton;

3. Wegman Family (Canton) LLC, VI had no role in the day-to-day operations of The Landing of Canton and had no employees at the facility;

4. Wegman Companies, Inc. is not providing any services in the Landing of Canton building;

5. Wegman Companies, Inc. is not the owner of the Landing of Canton; and

6. Wegman Family Canton was not involved in the care and treatment of Dorothy Freudeman.

---

[1] FRCP 26(c)(1) says in pertinent part, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

2

(5:09CV175)

ECF No. 60 at 1-2.

Defendants also provided the Plaintiff with a Management Agreement between Wegman Family (Canton) LLC, VI and Emeritus Corporation, which according to the Defendants, "further establish[es] that Wegman was not responsible for the day-to-day activities of the Landing of Canton." ECF No. 60 at 2.

Defendants contend that Plaintiff insists on deposing a representative of the Wegman entities to "stall the inevitable dismissal of both Wegman entities," and that Plaintiff's request to depose a representative is unduly burdensome as all information necessary to dismiss the Wegman entities has already been provided to the Plaintiff. ECF No. 60 at 2-3.

Finally, Defendants argue that the Protective Order was filed as a means of avoiding filing a dispositive motion regarding the Wegman entities.

**Plaintiff's Objection to the Protective Order**

Plaintiff urges the Court to deny the motion for protective order for the following reasons:

1. Wegman Companies, Inc. represents to public that Wegman Companies, Inc., which built and owns the Landing, has been developing assisted living facilities for 30 years and, like Emeritus, has achieved a reputation for providing high-quality service and accommodations;

2. Wegman Family (Canton) LLC VI represents to the Ohio Department of Health that it is the corporate owner of The Landing of Canton.;

3. Wegman Family (Canton) LLC VI is the **operator** of The Landing of Canton as defined by the Management Agreement with Emeritus Corporation. See first page of Management Agreement;

4. Wegman Family (Canton) LLC VI represents to the Ohio Secretary of State that it is the registered statutory agent of The Landing of Canton; and

5. Defendants represented in their answers to interrogatories that the current owner

3

(5:09CV175)

>and operator, Wegman Family LLC, VI, also owned and operated The Landing of Canton at the time Dorothy Freudeman was resident.

ECF No. 61 at 2 (emphasis in the original); ECF No. 63 at 1.

## Applicable Law

The decision to grant a motion for a protective order is within the sound discretion of a trial court.  El Camino Resources Ltd. v. Huntington Nat. Bank, 2008 WL 2557596, *2 (W.D.Mich., June 20, 2008); *see also* Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219, 227 (6th Cir.1996); Great Lakes Exploration Group, LLC v. Unidentified Wrecked & (For Salvage-Right Purposes) Abandoned Sailing Vessel, 522 F.3d 682, 687-88 (6th Cir.2008) ("[W]e apply the abuse-of-discretion standard to review the denial of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure.").

Rule 26(c)(1) of the Federal Rules of Civil Procedure authorizes a party or any person from whom discovery is sought "to move for a protective order in the court where the action court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." Id.  The burden of establishing good cause for a protective order rests with the party seeking the protection.  Id. (citing Nix v. Sword, 11 F. App'x. 498, 500 (6th Cir.2001) (citing General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir.1973)).

The potential for annoyance, embarrassment, oppression, or undue burden or expense "must be illustrated with 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" Id. (quoting Nemir v. Mitsubishi Motors Corp., 381 F.3d 540, 550 (6th Cir.2004) (quoting Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n. 16 (1981));

4

(5:09CV175)

see Nix v. Sword, 11 F. App'x. at 500 ("To show good cause, a movant for a protective order must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements.").

**Ruling**

Defendants have failed to demonstrate good cause for a protective order. Specifically, Defendants have not illustrated with a particular or specific demonstration of fact that permitting the depositions of one or more Wegman entity representatives would be needless, unduly burdensome, or that a clearly defined and serious injury would result if a representative of the Wegman entities were deposed. Having the option of filing a dispositive motion to remove legitimately named parties is more akin to a litigative advantage than an undue burden or serious injury.

A protective order is not an alternative to a dispositive motion. Defendants have not offered a plausible reason why Plaintiff's refusal to dismiss the Wegman parties entitles Defendants to curtail Plaintiff's otherwise permissible fact-finding measures. If Defendants seek the dismissal of the Wegman entities and cannot negotiate a voluntary dismissal, Defendants have the option of filing a dispositive motion.

The record before the Court establishes that the Wegman entities had (and may still have) some relationship to the assisted living facility where the decedent resided prior to her death. Plaintiffs are entitled to explore the nature of that relationship. Defendants have failed to show that a protective order is necessary to guard against a fishing expedition likely to cause nothing more than annoyance, embarrassment, or oppression.

(5:09CV175)

Because the Wegman entities ostensibly hold themselves out as owner or operator of The Landing of Canton, Plaintiff deserves the opportunity to determine and explore the relationship between (1) the two Wegman entities, (2) the relationship between the Wegman entities and The Landing of Canton, and (3) the relationship between the Wegman entities and Emeritus Corporation, in addition to other avenues Plaintiff may wish to explore.  ECF No. 61 at 2.

Defendants' Motion for Protective Order DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| January 5, 2010 | /s/ Benita Y. Pearson |
| Date | United States Magistrate Judge |