DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Dennis Freudeman, etc., ) | |
| ) | CASE NO. 5:09 CV 175 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| The Landing of Canton, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This removed case was previously referred to Magistrate Judge Pearson.  ECF 8.  During that time, a motion to compel discovery was filed by plaintiff Dennis J. Freudeman.  ECF 77.  After the motion was fully briefed, the Magistrate Judge conducted a telephonic conference regarding the motion to compel in which both sides were able to present their respective positions, and ordered supplemental briefing.  *See* ECF 81, 82, 85 and 87.  Subsequently, the Magistrate Judge issued a Memorandum Opinion and Order granting plaintiff's motion to compel non-party Medication Error Reports between September 2001 and July 2007, and ordering redaction of documents to be produced.  ECF 113.

Defendants have appealed the Magistrate Judge's Order compelling discovery (ECF 114), to which plaintiff has responded (ECF 121) and defendants have replied (ECF 122).  For the reasons contained herein, defendants' appeal of Magistrate Judge Pearson's Order is DISMISSED and DENIED.

(5:09 CV 175)

## I. BACKGROUND

In this case, plaintiff alleges that defendants wrongfully gave Dorothy V. Freudeman antidiabetic medication while Ms. Freudeman was under the care of defendants at The Landing of Canton, which caused brain damage and her ultimate death. The Landing of Canton has a policy of completing a Medication Error Report (MER) when a resident receives or is suspected of receiving a wrong medication. The Plaintiff seeks discovery of all MERs for errors or suspected errors in medication, including MERs for non-parties, at The Landing of Canton from March 10, 2000 to July 5, 2007, with confidential information redacted. Defendants argue that the MERs of non-parties is not discoverable because the MERs are not relevant and, even if relevant, are protected from disclosure by Ohio's physician-patient privilege, codified at ORC 2317.02 .

## II. LAW AND ANALYSIS

A.  Standard of Review

Plaintiff's motion to compel in this discovery dispute is a non-dispositive matter. Magistrate Judge Pearson issued a written order ruling on plaintiff's motion in accordance with the Court's referral of this matter to Magistrate Judge Pearson for general pre-trial supervision. When a party timely objects to a magistrate judge's order on a non-dispositive matter, the district judge must set aside any part of the order that is "clearly erroneous or is contrary to law." Rule 72(a), Federal Rules of Civil Procedure. The "clearly erroneous" standard applies to the magistrate judge's findings of fact, and the magistrate judge's legal conclusions are reviewed

2

(5:09 CV 175)

under the "contrary to law" standard. *Universal Settlements Intern., Inc. v. National Viatical, Inc.,* 2010 WL 2349593 (W.D. Mich. 2010) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). Whether the non-party MERs are privileged is a question of law and subject to de novo review. *Roe v. Planned Parenthood Southwest Ohio Region*, 122 Ohio St. 399, 415, 912 N.E. 2d 61, 76 (2009).

Defendants have appealed the Magistrate Judge's Order "in its entirety as it is clearly erroneous and contrary to law in that it requires Defendants to produce Medication Error Reports . . . regarding non-party individuals in violation of Ohio's physician-patient privilege. Moreover, the Order's instruction to redact specific information about the aforementioned documentation does not alter or eliminate the applicability of the physician-patient privilege pursuant to the Ohio Supreme Court's ruling in *Roe v. Planned Parenthood Southwest Ohio Region*, 122 Ohio St. 399 (2009)." ECF 114.

B.  MERs are Discoverable

Rule 26(b) provides in relevant part:

. . . .

> **(b)** Discovery Scope and Limits.
> **(1) Scope in General.**
> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

(5:09 CV 175)

    1.    Non-party MERs are Relevant

In determining relevance, Rule 26 is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). As Rule 26(b) provides, relevance for purposes of the scope of discovery, and admissibility at trial, are separate issues. Plaintiff argues that the MERs of non-parties are relevant to a variety of issues in the case, including the credibility of witnesses and plaintiff's claim for punitive damages.

The Magistrate Judge concluded that the MERs of non-parties are relevant, which is the threshold issue to the question of whether the MERs are discoverable. The Court finds that, given the context plaintiff's allegations and remedies sought, and the broad construction of relevance when determining the scope of discovery, the discovery of MERs for non-party residents of The Landing of Canton is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court concludes that Magistrate Judge's Pearson determination that the MERs are relevant in the context of this case is neither clearly erroneous nor contrary to law. Accordingly, defendants' appeal of Magistrate Judge Pearson's Order regarding relevance is DENIED.

    2.    MERs are not Privileged

Even if relevant, Rule 26 protects privileged matter from discovery. Defendants contend that the MERs[1] are privileged and not discoverable as a matter of law because the reports contain

---

[1] The MER form used by the Landing of Canton is found at ECF 81-2. ECF 81-3 was used prior to the merger between Summerville Senior Living and defendant Emeritus

(continued...)

(5:09 CV 175)

confidential information regarding non-party residents of The Landing of Canton that is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and by Ohio Revised Code Section 2317.02.[2]  Plaintiff contends that the MERs of non-party residents are not privileged and are not protected from disclosure.

Privileges are strictly construed and the party claiming the privilege has the burden of proving that the privilege applies to the requested information.  *Ward v. Summa Health System, et al.,* 184 Ohio App.3d 254, 261, 920 N.E.2d 42, 46 (App. Ct. 2009). ORC section 2317.02(B) protects the disclosure of communications between patients and physicians "necessary to enable a physician . . . to diagnose treat, prescribe, or act for a patient."  ORC 2317.02(B)(5)(a).[3]

The preparation of a MERs is the policy of The Landing of Canton.  The parties do not argue, nor is the Court aware of, a statutory requirement that The Landing of Canton prepare a MERs or otherwise report medication errors.  The testimony of defendants' employees is that the MERs is an internal document used for documenting medication errors and corrective actions to avoid future errors.  The MERs is completed by The Landing of Canton employees and administrators, is provided to various corporate administrators, and maintained in a binder at the

---

[1](...continued)
Corporation.

[2] ORC 2317.02(B) has been determined by the Ohio courts to be more stringent than HIPAA, and therefore not preemepted, because the statute prohibits the use or disclosure of health information that would be permitted by HIPAA. *Turk, et al. v. Oiler, et al.,* 2010 WL 446566, *12 (N.D. Ohio) (citing *Grove v. Northeast Ohio Nephrology Assocs.,* 164 Ohio App. 3d 829, 844 N.E.2d. 400, 406-07) (Ohio Ct. App. 2005)).

[3] The Magistrate Judge's findings and conclusion that the MERs are not subject to the incident report privilege have been reviewed by the Court, and are, undisputably, not clearly erroneous or contrary to law.

5

(5:09 CV 175)

facility. The MERs form does not require a physician to complete or sign the form, nor does it require transmittal to a physician. The physician of the patient who is the subject of the error may be notified of the error, but the form does not require that the physician be notified. The purpose of the MERs is not treatment, but the internal documentation of a medical error and the corrective action taken to prevent such an error from recurring.

Defendants concede that the MERs is not part of the patient's medical record, and that relevant information regarding a medication error event is separately recorded in the patient's medical record. The MERs are not privileged simply because the reports may contain certain confidential information.

On the facts before the Court in this case, the Court concludes that defendants' have not met their burden of establishing that non-party MERs are physician-patient privileged documents. Consequently, they are subject to discovery with appropriate redaction of confidential information.[4] Having determined that the Magistrate Judge's Order regarding production and redaction of non-party MERs is not clearly erroneous or contrary to law, defendants' appeal of Magistrate Judge Pearson's Order regarding privilege and redaction is DENIED.

---

[4] Defendants cite *Roe* in support of their argument that redaction of personal information does not divest a document of its privileged status. In *Roe*, the documents at issue were statutorily privileged. In this case, however, the Court has determined that the documents at issue are not privileged.

6

(5:09 CV 175)

### III.  CONCLUSION

The Court has conducted a de novo review and concludes that the Magistrate Judge's Order granting plaintiff's motion to compel is not clearly erroneous or contrary to law. Accordingly, defendants appeal of the Magistrate Judge's Order granting plaintiff's motion to compel is DISMISSED and DENIED.

Defendants are hereby ordered to comply with the Magistrate Judge's Order no later than August 2, 2010.

IT IS SO ORDERED.

| | |
|---|---|
| July 19, 2010 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |