DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dennis Freudeman, etc., | ) | |
| | ) | CASE NO. 5:09 CV 175 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| The Landing of Canton, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I.  Introduction

This case was filed in state court and removed to this court based on diversity of citizenship.  The Court referred the case to Magistrate Judge Benita Pearson for pre-trial supervision.  A review of the docket demonstrates the extent to which pre-trial preparation in this case has been an ordeal for the parties and counsel.

On June 23, 2010, the Court withdrew the reference of the case from Magistrate Judge Pearson and scheduled a status conference.  Doc. 123.

Eventually, on September 10, 2010, the Court filed a lengthy order setting new dates for summary judgment motions.  Doc. 130.   The parties were granted leave to re-file their motions for summary judgment by January 14, 2011, with responses to be filed February 11, 2011 and any replies by February 25, 2011.  The Court also provided procedures for expert witness discovery.

Finally, the Court granted the plaintiff's motion to depose defendants' Rule 30(B)(6) witness regarding newly discovered evidence.  Doc. 128.

(5:09 CV 175)

Specifically, the plaintiff requested leave for a Civil Rule 30(B)(6) Representatives'

deposition regarding The Landing of Canton's 2007 Medication Error Report including the

following matters:

1) All places where The Landing of Canton's 2007 medication Error Report are maintained and/or stored;

2) Whether Defendants have attempted to locate The Landing of Canton's 2007 Medication Error reports;

3) If so, what attempts have been made to locate The Landing of Canton's 2007 Medication Error Reports;

4) The results of such attempts;

5) Whether Defendants have been able to locate The Landing of Canton's 2007 Medication Error Reports;

6) If Defendants have not been able to locate The Landing of Canton's 2007 Medication Error Reports, any other places that The Landing of Canton's 2007 Medication Error Reports may be located;

7) What employees had access to The Landing of Canton's 2007 Medication Error reports;

8) The employees that last recall seeing The Landing of Canton's 2007 Medication Error reports;

9) The employees that filled out or participated in the completion of a 2007 Medication Error reports; and

10) Whether any employee of Defendants had any adverse action initiated in relation to the missing 2007 Medication Error Reports.

The Court also scheduled this case for trial to begin with voir dire on June 10, 2011 and

with the trial to commence on June 13, 2011.

II.  The Motion of the Defendant to Depose a
Former Employee, Dianne S. Tomer, LPN

(5:09 CV 175)

The defendants' motion to conduct the deposition of its former employee was filed on November 15, 2010.  The motion declares that the defendants' former employee, Dianne S. Tomer, LPN, is a plaintiff's witness.  Against the background of the Court permitting the plaintiff to proceed with the Rule 30(B)(6) deposition, (Doc. 130), counsel for the defendants contends that it should be permitted to depose its former employee who has allegedly provided an affidavit as set forth in defendants' motion and attached hereto as Appendix I.

### III.  The Opposition of the Plaintiff to the Defendants' Motion to Depose Dianne S. Tomer, LPN

Counsel for the plaintiff opposes the defendants' motion based upon the prior order of Magistrate Judge Benita Pearson terminating fact discovery on January 29, 2010.  Docs. 54 and 57.  More importantly, when summary judgment practice was in full swing earlier in 2010, counsel for the plaintiff filed the affidavit of Nurse Tomer in support of his brief in opposition to defendants' motion for summary judgment.[1]

### IV.  The Court's Ruling

As it is evident that counsel for the defendants were informed about the position of its

---

[1]Eventually, the Court determined that it was appropriate to conduct expert discovery and have the same completed before a reasonable judicial determination could be made with respect to the prior-filed motions for summary judgment.  Consequently, the motions for summary judgment are being re-filed.

(5:09 CV 175)

former employee Nurse Dianne Tomer as early as May of 2010, the belated motion of the

defendants to depose its former employee after the close of fact discovery is without merit and

the motion is DENIED.


       IT IS SO ORDERED.


  December 13, 2010                                 */s/ David D. Dowd, Jr.*
Date                                         David D. Dowd, Jr.
                                              U.S. District Judge