DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS FREUDEMAN, | ) | |
| | ) | CASE NO. 5:09-CV-0175 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| THE LANDING OF CANTON, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

The matter before the Court concerns the Defendants' alleged improper administration of medication to Dorothy V. Freudeman, who was a resident of Defendant The Landing of Canton (an assisted living facility) from 2001 through 2007, that allegedly caused her wrongful death.

The Parties have filed cross-motions for summary judgment. Plaintiff Dennis Freudeman ("Plaintiff"), the Executor of the Estate of Dorothy V. Freudeman (decedent), his mother, has moved for partial summary judgment as to standard of care and causation against Defendant Emeritus Corporation. ECF No. 146.[1] The Landing of Canton ("The Landing"), Emeritus Corporation ("Emeritus"), Wegman Companies, Inc. ("Wegman Inc.") and Wegman Family (Canton) LLC VI ("Wegman LLC") (collectively, "Defendants") have moved for summary judgment as to all of Plaintiff's claims. ECF No. 145.[2] Having thoroughly reviewed the parties'

---

[1] Defendants have opposed the motion (ECF No. 150) and Plaintiff has replied (ECF No. 156).

[2] Plaintiff has opposed the motion (ECF Nos. 151 (filed under seal) & 152) and
(continued...)

(5:09-CV-0175)

well-written briefs and all of the submitted evidence, the Court, for the reasons set forth below, DENIES Plaintiff's motion for partial summary judgment and DENIES Defendants' motion for summary judgment.

## I. Background

Dorothy Freudeman was a resident at The Landing of Canton, which is an assisted living facility, from September 2001 to July 2007.  On the morning of July 5, 2007, the nursing staff of The Landing found Ms. Freudeman unresponsive in her bed.  The Landing called for an ambulance that transported Ms. Freudeman to a nearby hospital.  Among other things, tests revealed Ms. Freudeman's blood sugar at a very low level of 12.  Physicians diagnosed Ms. Freudeman with hypoglycemic encephalopathy.  Ms. Freudeman never regained full consciousness and died on October 23, 2008.  Plaintiff alleges that Defendants improperly administered the wrong medication to Ms. Freudeman that caused her hypoglycemic encephalopathy and resulted in her death.

Defendants removed this matter, based on diversity jurisdiction, from the Stark County Court of Common Pleas, Ohio on January 24, 2009.  ECF No. 1.  Plaintiff originally filed his complaint in that court on December 27, 2008.  Plaintiff then filed an amended complaint with this Court on February 6, 2009, alleging five causes of action: Count One - Negligence/Malpractice; Count Two - Wrongful Death; Count Three - Violation of Patients' Bill

---

[2](...continued)
Defendants have replied (ECF No. 154).

(5:09-CV-0175)

of Rights; Count Four - Punitive Damages; and Count Five - Declaratory Judgement.[3]  ECF No. 15.

Plaintiff has moved for partial summary judgment with respect to standard of care and causation on his negligence claim against Emeritus.  Defendants have moved for summary judgment on all counts of Plaintiffs amended complaint.

## II. Summary Judgment Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  When considering a motion for summary judgment, "the inferences to be drawn from the underlying facts contained in [affidavits, pleadings, depositions, answers to interrogatories, and admissions] must be viewed in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  However, the adverse party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Rule 56 requires the nonmoving party who has the burden of proof at trial to oppose a proper summary judgment motion "by any of the kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  General averments or conclusory allegations of an affidavit do not create specific fact disputes for summary judgment purposes.  *See Lujan v. National Wildlife Federation*, 497 U.S.

---

[3] Plaintiff asks the Court to declare "that Senate Bills 120 and 281 are in violation of the provisions of the Ohio and United States Constitutions." ECF No. 15 at 7.  The Court will further discuss this issue at the next status conference.

(5:09-CV-0175)

871, 888-89 (1990).  Nor may a party "create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts . . . earlier deposition testimony."  *Reid v. Sears Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) (*citing Biechell v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984)); *but see Baer v. Chase*, 392 F.3d 609, 623-26 (3d Cir. 2004) (noting that a so-called "sham" affidavit need not be disregarded if there is "independent evidence in the record to bolster [the] otherwise questionable affidavit").  Further, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'"  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (*quoting Anderson v. Liberty Lobby*, 477 U.S. at 252).

In sum, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby*, 477 U.S. at 250.  Put another way, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id*. at 251-52; *see also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he conflicting proof and the inferences that can be drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").

"The filing of cross-motions for summary judgment does not necessarily mean that the parties consent to resolution of the case on the existing record or that the district court is free to

(5:09-CV-0175)

treat the case as if it was submitted for final resolution on a stipulated record." *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir.1991) (*citing John v. State of La. (Bd. of Tr. for State Coll. & Univ.)*, 757 F.2d 698, 705 (5th Cir.1985)). In fact, the standard of review for cross-motions for summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation. The fact that both parties have moved for summary judgment does not mean that the Court must rule in favor of one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts. *See Begnaud v. White*, 170 F.2d 323, 327 (6th Cir. 1948) (the fact that both parties move for summary judgment does not require the court to find that no issue of fact exists).

The Court reviews each party's motion separately and determines whether a judgment may be entered in accordance with the standards of Rule 56. If, however, there is no genuine dispute and one or the other party is entitled to prevail as a matter of law, the Court will render judgment. Both motions must be denied if the Court finds that there is a genuine dispute as to any material fact.

### III. Analysis

#### A. Standard of Care and Causation for a Medical Negligence Claim

The crux of this matter turns on the alleged negligence/malpractice claim. Plaintiff and Defendants submit that the evidence before the Court requires a ruling in their respective favor at the summary judgment stage. Given that the parties have presented "both sides of the coin" concerning the alleged negligence/malpractice claim in their respective motions for summary judgment, the Court rules as follows.

(5:09-CV-0175)

After thoughtful consideration of the parties' arguments and close examination of all of the evidence of record and applicable law, the Court rules there are genuine "issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, 477 U.S. at 250.  While medical negligence claims present complex issues of proximate cause requiring the submission of expert testimony, the ultimate issue is to be decided by the jury, the trier of fact, as the "sole weigher of credibility and testimony," including expert witnesses.  *McKay Mach. Co. v. Rodman*, 228 N.E.2d 304, 308 (Ohio 1967).  Such is true with the instant matter.

Accordingly, Plaintiff's motion for summary judgment as to standard of care and causation is denied.  Further, Defendants' motion for summary judgment with respect to negligence and wrongful death is denied.

### B.  Punitive Damages

Defendants argue that the evidence of prior acts submitted by Plaintiff in order to demonstrate malice is insufficient and therefore does not support a claim for punitive damages. Plaintiff contends the evidence is more than sufficient and does support a claim for punitive damages.  A genuine dispute of material fact exists with regards to this claim.  Given that and for purposes of summary judgment only, the Court at this time declines to rule on the sufficiency of the evidence proffered by Plaintiff to support an award of punitive damages.

Accordingly, Defendants' motion for summary judgment with regards to punitive damages is denied.

(5:09-CV-0175)

### C. Whether Defendants Wegman Companies, Inc.and Wegman Family (Canton) LLC VI Owed a Duty to Dorothy Freudeman

Defendants submit that neither Wegman, Inc. nor Wegman LLC owed a duty to Ms. Freudeman because they simply own the property and the building housing The Landing and that it is Emeritus that manages and operates The Landing and its employees.  Plaintiff contends the facts support the opposite conclusion.  Interestingly, both parties rely upon the management agreement between Wegman LLC and Emeritus as support for their respective argument.  Based upon the parties' arguments and the evidence of record, the Court finds that a genuine dispute of material facts exists with respect to whether Wegman, Inc. and Wegman LLC owed a duty to Ms. Freudeman.

Accordingly, Defendants' motion for summary judgment with respect to whether Wegman Inc. and Wegman LLC owed a duty to Ms. Freudeman is denied.

### IV. Conclusion on Motions

### A. Parties' Cross Motions for Summary Judgment

For the reasons contained herein, the Court concludes that there are material facts in dispute regarding the above contested claims and that the evidence before the Court presents sufficient disagreement so as to require submission to a fact finder.

Accordingly, Plaintiff's motion for partial summary judgment (ECF No. 146) is DENIED and Defendants' motion for summary judgment (ECF No. 145) is DENIED.  Thus, this case shall proceed to trial as scheduled on all counts contained in Plaintiff's amended complaint.

(5:09-CV-0175)

### B. Defendants' Motion to Strike the Affidavit of Diane Tomer, LPN

Defendants ask the Court to strike the affidavit of Diane Tomer, LPN as, *inter alia*, inadmissable hearsay. Plaintiff has opposed the motion and Defendants have not filed a reply. Because the Court did not specifically rely on the aforementioned affidavit in ruling on the motions for summary judgment, Defendants' motion to strike the affidavit of Diane Tomer, LPN (ECF No. 155) is DENIED as MOOT with permission to re-file as necessary.

In a separate order, the Court will set a status conference during which it will discuss any remaining issues pertaining to the trial set for June 13, 2011.

IT IS SO ORDERED.

| | |
|---|---|
|  April 6, 2011 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |