DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS FREUDEMAN, | ) | |
| | ) | CASE NO.  5:09-CV-0175 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| THE LANDING OF CANTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court was plaintiff's oral motion to strike the testimony of Sue Rohr pursuant to the Federal Rules of Civil Procedure concerning defendants' duty to supplement discovery. The Court sustained the motion. An explanation of the Court's procedure and reasoning in sustaining the motion follows.

Rule 26(e)(1)(A) requires a party to supplement a discovery response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed.R.Civ.P. 26(e)(1)(A); *see also Mawby v. United States*, 999 F.2d 1252, 1254 (8th Cir.1993). However, a party need not supplement a response "if the additional or corrective information has . . . otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1)(A). Rule 37(c)(1) authorizes the Court to exclude from a trial information that was withheld in violation of Rule 26(a) or (e) without "substantial justification," unless the failure to disclose was "harmless." Ultimately, the defendants bear the burden of showing that the non-disclosure was substantially justified or is harmless. *Roberts ex rel Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). It is enough for plaintiff to allege that defendants have not shown substantial justification or harmlessness. The Court

(5:09-CV-0175)

concludes that defendants have not shown substantial justification or harmlessness for the reasons stated below.

In opposition to plaintiff's motion, defendants' claim that plaintiff interviewed Sue Rohr in January 2010. Over a year later, defendants interviewed Sue Rohr in May 2011. During defendants' May 2011 interview of Sue Rohr, she told defendants that she questioned certain employees from the Landing of Canton about the event at issue on July 5, 2011. Defendants further claim that Sue Rohr told defendants that she conveyed this same information to plaintiff during the January 2010 interview. Thus, defendants contend that plaintiff knew of Sue Rohr's testimony and therefore, this knowledge released them from their obligation to supplement discovery concerning this information. Defendants thus claim that they were substantially justified in doing so because plaintiff possessed this knowledge and that any failure to not supplement would be harmless. The Court disagrees.

Plaintiff's position during this litigation, not just during trial, is to the effect that defendants did not conduct any investigation with respect to the July 5, 2007 event at issue. The Court finds that for the defendants to possess such contradictory evidence as indicated by defendant's May 2011 interview of Sue Rohr knowing that the plaintiff has long maintained the exact opposite position while at the same time, also believing that plaintiff had possessed this same exact contradictory evidence for over a year is not reasonable and does not support a conclusion that the non-disclosure was substantially justified or harmless.

With the discovery dispute that arose in this case with respect to the testimony of the witness Sue Rohr, it was the Court's view that determining what the facts were with respect to

-2-

(5:09-CV-0175)

the discovery dispute required the Court to address the discovery dispute consistent with the teachings of *Jackson v. Denno*, 378 U.S. 368 (1964).  In *Jackson v. Denno*, the Supreme Court instructed trial courts that it had to make fact findings, separate and apart from jury findings, in determining whether a confession was voluntary or involuntary.

In the Court's view, the teachings of *Jackson v. Denno* apply where a factual dispute arises during the trial with respect to compliance with discovery requests as happened in this case.  Specifically, counsel for the defendants attempted to excuse notifying the plaintiff's counsel with respect to Sue Rohr because counsel for the plaintiff had been advised by Sue Rohr that she had conducted an investigation surrounding the non-responsive condition of Dorothy Freudeman.  However, defendants' counsel, in response to plaintiff's interrogatories, had indicated that no investigation had been conducted.  The Court decided, in reliance upon the teachings of *Jackson v. Denno*, that it was appropriate for the Court to make a factual determination as to whether Sue Rohr had advised counsel for plaintiff that, contrary to the response of the defendants in the discovery process, she had conducted an investigation following the non-responsive condition of Dorothy Freudeman on July 5, 2007.

After listening to the testimony of plaintiff's counsel, Megan Frantz, the Court determined that her testimony was credible in stating that Sue Rohr had told her that no investigation had been conducted.  By contrast, the Court found that the testimony of Sue Rohr that she had advised plaintiff's counsel with respect to an investigation was not credible.

It was against this background of factual findings of the Court that it determined that the plaintiff's motion to strike the testimony of Sue Rohr should be granted.

(5:09-CV-0175)

The Sixth Circuit "has established that Rule 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified." *Sexton v. Uniroyal Chem. Co., Inc*., 62 Fed. App'x 615, 616 (6th Cir. 2003). The Court found plaintiff's motion well taken and sanctioned the defendants for not supplementing its discovery responses by striking the testimony of Sue Rohr as it relates to her alleged investigation involving the discovery of the non-responsive condition of Dorothy Freudeman on July 5, 2007.

IT IS SO ORDERED.

| | |
|---|---|
| September 2, 2011 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |